**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Bill Cannon,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Willow Spring Vineyards, LLC,<br><br>　　　　　　　Defendant. | Case No:<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Bill Cannon ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Willow Spring Vineyards, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.      Plaintiff is a professional photographer whose work has been widely recognized throughout the music, entertainment, commercial, editorial, and fine-art photography industries.

3.      For many years, Plaintiff has devoted his career to creating original photographs depicting musicians, musical instruments, Americana, rural landscapes, architecture, events, and other cultural and artistic subjects.

4.      Plaintiff's photographs are routinely licensed for authorized editorial, commercial, promotional, marketing, and digital-media uses. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works.

5.      Plaintiff created a photograph depicting an acoustic guitar and a banjo resting against a weathered red barn (the "*Photograph*") in which Plaintiff owns the rights and licenses

1

for various uses including online and print publications.

6.      Defendant owns and operates a website at willowspringvineyards.com (the "*Website*").

7.      Defendant owns and operates social media accounts on Facebook known as Willow Spring Vineyards, LLC ("*Account 1*") and on Instagram known as willowspringvin ("*Account 2*"). Account 1 and Account 2 are hereinafter collectively referred to as the "*Accounts*."

8.      Upon information and belief, Defendant uses the Website and the Accounts to advertise, market, promote, and showcase its vineyard, winery, event-hosting, entertainment, and related services.

9.      Upon information and belief, Defendant derives commercial benefit from operation of the Website and the Accounts through customer acquisition, lead generation, event promotion, wine sales, brand promotion, customer engagement, and related revenue-generating activities.

10.      Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Website and the Accounts and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

11.      Plaintiff is a citizen of the State of Pennsylvania and maintains a principal place of business in Philadelphia County, Pennsylvania.

12.      Defendant is a Massachusetts limited liability company with a principal place of business at 840 West Lowell Avenue, Haverhill in Essex County, Massachusetts.

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

14.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Massachusetts.

15.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and

2

a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

**FACTS COMMON TO ALL CLAIMS**

**A.     Plaintiff's Copyright Ownership**

16.     Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographic works.

17.     Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, websites, businesses, marketing agencies, and other third parties for authorized use.

18.     Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of his photography business.

19.     Plaintiff actively protects his copyrighted works against unauthorized reproduction, distribution, and display.

20.     Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

21.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of his photographs.

22.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

23.     On April 28, 2013, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

24.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

3

25.    On December 28, 2016, the Photograph was registered by the USCO under Registration No. VA 2-037-923.

26.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

27.    Defendant is the registered owner of the Website and of the Accounts and is responsible for its content.

28.    Defendant is the operator of the Website and of the Accounts and is responsible for its content.

29.    The Website and the Accounts are part of and used to advance Defendant's commercial enterprise.

30.    Upon information and belief, Defendant derives commercial benefit from operation of the Website and the Accounts through wine sales, event hosting, venue rentals, customer acquisition, brand promotion, customer engagement, and related revenue-generating activities.

31.    Upon information and belief, the Website and the Accounts form part of Defendant's commercial enterprise and are used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

32.    Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

33.    Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs on the Website and through the Accounts.

34.    Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in connection with the

4

promotion of its vineyard, winery, event-hosting, entertainment, and related operations.

35.     Without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on the Website as part of on-line advertisements at URLs:

- https://willowspringvineyards.com/events/ ("*Infringement 1-2*")

- https://willowspringvineyards.com/event/band-night/ ("*Infringement 3*")

- https://willowspringvineyards.com/event/band-night-2/ ("*Infringement 4*")

Copies of screengrabs depicting Infringements 1-4 are attached hereto as Exhibit 2.

36.     The Photograph was reproduced, displayed and stored by Defendant at URL: http://willowspringvineyards.com/wp-content/uploads/band-night.jpg.

37.     Plaintiff first observed Infringements 1-4 on August 6, 2023.

38.     On or about May 31, 2023, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on  Account 1 as part of an on-line advertisement      at      URL:      https://www.facebook.com/WillowSpringVineyards/posts /642919511186447 ("*Infringement 5*"). A copy of a screengrab depicting Infringement 5 is attached hereto as Exhibit 2.

39.     Plaintiff first observed Infringement 5 on March 12, 2024.

40.     On or about May 31, 2023, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on  Account 1 as part of an on-line advertisement at URL: https://www.facebook.com/events/561985629060939/562000449059457? acontext=%7B%22event_action_history%22%3A[%7B%22surface%22%3A%22user_timeline %22%7D%2C%7B%22mechanism%22%3A%22surface%22%2C%22surface%22%3A%22per malink%22%7D]%2C%22ref_notif_type%22%3Anull%7D ("*Infringement 6*"). A copy of a screengrab depicting Infringement 6 is attached hereto as Exhibit 2.

41.     Plaintiff first observed Infringement 6 on March 12, 2024.

42.     On or about May 31, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on

5

Account 1 as part of an on-line advertisement at URL: https://www.facebook.com/events/561985629060939/562006865725482/?event_time_id=56200 6865725482 ("*Infringement 7*"). A copy of a screengrab depicting Infringement 7 is attached hereto as Exhibit 2.

43. Plaintiff first observed Infringement 7 on March 12, 2024.

44. On or about May 31, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on Account 1 as part of on-line advertisements at URL: https://www.facebook.com/WillowSpringVineyards/past_hosted_events ("*Infringements 8-10*"). A copy of a screengrab depicting Infringements 8-10 are attached hereto as Exhibit 2.

45. Plaintiff first observed Infringement 8-10 on March 12, 2024.

46. On or about May 13, 2025, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on Account 1 as part of an on-line post at URL: https://www.facebook.com/photo.php?fbid=1118175930327467 &set=pb.100064052109851.-2207520000&type=3 ("*Infringement 11*"). A copy of a screengrab depicting Infringement 11 is attached hereto as Exhibit 2.

47. Plaintiff first observed Infringement 11 on July 28, 2026.

48. On or about May 13, 2025, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on Account 2 as part of an on-line post at URL: https://www.instagram.com/p/DJm9P2lR9Qb/ ("*Infringement 12*"). A copy of a screengrab depicting Infringement 12 is attached hereto as Exhibit 2.

49. Plaintiff first observed Infringement 12 on July 28, 2026. (Hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

50. The Infringements are copies or substantially similar copies of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

51. Upon information and belief, Defendant reproduced, displayed, distributed, and

6

otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph.

52. The Infringements each include a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

53. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website and on the Accounts, including Plaintiff's Photograph.

54. Defendant exercised control over the content published on its Website and on its Accounts and was responsible for selecting, uploading, publishing, displaying, and distributing the Photograph.

55. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased customer engagement, brand promotion, event promotion, wine sales, venue marketing, and business-development opportunities.

56. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website and on the Accounts by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

57. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website and on the Accounts on Defendant's behalf.

58. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

59. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website and on the Accounts, including the content containing Plaintiff's Photograph.

7

60.     Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website and on the Accounts. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringements.

61.     Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and on the Accounts and exercised such control through its Representatives acting within the course and scope of their authority.

62.     Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

63.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent.

64.     Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

65.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

66.     Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website and on the Accounts.

67.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and on its Accounts and exercised and/or had the right and ability to exercise such right.

68.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

69.     Upon information and belief, the Infringements increased engagement with the Website and the Accounts and generated additional customer interest, brand visibility, promotional value, and commercial value for Defendant.

8

70.     Upon information and belief, Defendant distributed the Infringements to a broad audience through the Website and the Accounts and derived commercial value from the resulting customer engagement, promotional exposure, brand visibility, customer interaction, and business-development opportunities.

71.     Defendant's use of the Photograph harmed the actual market for the Photograph.

72.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

73.     Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

74.     On or about October 20, 2025, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

75.     Thereafter, on or about November 19, 2025, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

76.     Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

77.     The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

78.     Despite receiving notice of Plaintiff's claims, Defendant continued to reproduce, display, distribute, and otherwise exploit the Photograph. Infringements 11 and 12 remained publicly available on Defendant's Facebook and Instagram accounts on July 28, 2026. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

79.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

9

**FIRST CAUSE OF ACTION**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

80.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

81.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

82.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

83.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

84.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

85.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

86.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

87.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

88.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in

10

its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

89.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

90.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

11

DATED: July 30, 2026

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128749

*Attorneys for Plaintiff*